

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK , NEW YORK 10007 | MARY K. SHERWOOD<br>*Assistant Corporation Counsel*<br>msherwoo@law.nyc.gov<br>Phone: (212) 356-2425<br>Fax: (212) 356-3509 |
|---|---|---|

May 24, 2023

**VIA ECF**
Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:    Chad Breland v. The City of New York et al.,
                22-CV-2207 (LDH) (JRC)

Your Honor:

      I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of the above-referenced matter. For the reasons discussed herein, defendants City of New York, Queens County District Attorney, and Officer Borbee respectfully renew their request for a stay of this matter pending the retrial of the interconnected criminal case. This is Defendants' second motion for a stay; the first motion, which was made prior to the People's decision to retry the related criminal matter, was denied. Plaintiff does not consent to a stay. Alternatively, should the Court deny the instant motion for a stay, Defendants further request that this Court *nunc pro tunc* and *sua sponte* grant the remaining defendants Mannone and Cashen an extension of time until June 21, 2023 to answer or otherwise respond to the Complaint.[1] Plaintiff consents to the additional time for defendants Mannone and Cashen to answer or otherwise respond.

      By way of brief background, Plaintiff filed his Complaint on April 18, 2022 alleging, *inter alia*, that he was falsely arrested, maliciously prosecuted, and wrongfully convicted. (Dkt. No. 1 at ¶¶ 78–159). Specifically, Plaintiff alleges that, on November 27, 1995, he was arrested based on false evidence provided by a confidential informant. (*Id.* at ¶¶ 7, 8). Plaintiff further alleges that he was later charged under two indictments for two separate robberies: one robbery occurring on November 27, 1995 and another which occurred on November 13, 1995. (*Id.* at ¶ 8). According to the Complaint, the conviction stemming from the robbery that occurred on November 27, 1995

---

[1] Defendants Mannone and Cashen's response to the Complaint was due on May 22, 2023. Defendants were in touch with Plaintiff about an extension on May 8, 2023, which Plaintiff consented to, but, regretfully, defense counsel did not immediately seek an extension from the Court. The undersigned sincerely apologizes for the lateness of this request.

was vacated upon a joint motion with the Conviction Integrity Unit of the Queens County District Attorney in 2021. (*Id.* at ¶¶ 6, 19, 20).

The vacated conviction stemming from the November 27, 1995 robbery is at the heart of this matter. Moreover—on January 31, 2023—Plaintiff's second, related indictment stemming from the alleged robbery that occurred on November 13, 1995 was also vacated. According to Plaintiff's counsel, the People intend to retry the case. For this reason, the civil case regarding the first indictment is difficult, if not impossible, to effectively litigate without a disposition of the second indictment for the reasons set forth herein.

First, the indictments for the November 13, 1995 and the November 27, 1995 robberies are so interconnected that it would be difficult—if not impossible—to interview and/or represent the defendants in this case without creating *Rosario* materials.[2] For example, in Plaintiff's Memorandum of Law in Support of Motion to Vacate Judgment of Conviction in the November 13, 1995 case, Plaintiff states "Without Mr. Breland's arrest on November 27, 1995, the People would have no evidence to support Mr. Breland's involvement in the November 13, 1995 robbery." *Defendant's Memorandum of Law in Support of Motion to Vacate Judgment of Conviction Pursuant to CPL 440.10 and for Related Relief*, Ind. No. 5313/1995, February 11, 2022 [sic] (annexed hereto as Exhibit "A"). The circumstances of arrest are identical in both indictments. Additionally, and importantly, the memorandum highlights that both indictments were supported by the same allegedly problematic confidential informant. *Id.* at p. 2. By discussing this informant, the identification procedures, and the circumstances of arrest *in the instant case*, which is essential because such information was the gravamen of vacating Plaintiff's November 27, 1995 conviction and the alleged Complaint here, the undersigned would have to discuss the informant and identification procedures *in the pending criminal matter*.

Second, evaluating and defending the instant matter is also difficult, if not impossible, because at least one affirmative defense hinges on the result of the second indictment and retrial. Plaintiff was sentenced to 15-years-to-life in each case, with the sentences to run consecutively, *i.e.* he was eligible for parole after fifteen years.[3] Therefore, because Plaintiff could have independently served his 23-year sentence via the second indictment, the question of whether there was probable cause to arrest him and/or whether he suffered a separate deprivation of liberty sufficient to pursue a malicious prosecution claim cannot be resolved before the conclusion of the retrial of the related second indictment, at a minimum. *See Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004) ("Those are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest."); *Coleman v. City of New York*, 688 Fed. App'x. 56, 58 (2d Cir. 2023) (holding that a deprivation of liberty element in a malicious prosecution claim was not met when a plaintiff had court appearances that were not solely for the underlying criminal case). Moreover,

---

[2] The *Rosario* discovery rule, codified in New York CPL § 240.45, requires prosecutors to provide defense counsel with *any* pre-trial statements made by a prosecution witness, *i.e.* the officers, relating to that witness's testimony in court, regardless of whether these statements are inconsistent with the witness's testimony on the stand. *See People v. Rosario*, 9 N.Y.2d 286 (1961).

[3] Notably, Plaintiff was not constitutionally entitled to be paroled or released before the maximum expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

whenever incarcerated individuals are subject to more than one sentence, they are deemed to be serving a single aggregate of all their sentences at any given time. *People v. Buss*, 11 NY3d 553, 557 (2008). Therefore, any calculation of the amount of time that Plaintiff was incarcerated is indeterminable without a disposition of the second indictment.

Should the Court deny the instant motion for a stay, Defendants respectfully request that the Court *sua sponte* enlarge the time for defendants Mannone and Cashen to respond to the Complaint until June 21, 2023, so that their defenses are not jeopardized while representation is being decided.

Accordingly, defendants City of New York, Queens County District Attorney, and Officer Borbee respectfully renew their request a stay of this matter pending the retrial of the interconnected criminal case. In the event that the Court is disinclined to grant this request, Defendants request that this Court *nunc pro tunc* and *sua sponte* grant the remaining defendants Mannone and Cashen an extension of time until June 21, 2023 to answer or otherwise respond to the Complaint.

Thank you for your consideration herein.

Respectfully submitted,

Mary K. Sherwood
*Assistant Corporation Counsel*
Special Federal Litigation

cc:   All Counsel of Record (via ECF)